UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN L. THOMAS (#193772)

VERSUS

NURSE CINDY, ET AL.

CIVIL ACTION

NO. 15-681-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 15, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN L. THOMAS (#193772)

VERSUS

NURSE CINDY, ET AL.

CIVIL ACTION

NO. 15-681-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate previously incarcerated at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against EBRPP, Nurse Cindy, Warden Dennis Grimes, Sgt. P. Brignac, B. Stines, and Judge Tony Marabella complaining that his constitutional rights have been violated through the imposition of a bond which he cannot afford, deprivation of his personal property, threats, humiliation, excessive force, and failure to provide him with prescription medications upon release. The plaintiff is seeking compensatory damages.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the

complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

      The plaintiff alleges, in his Complaint as amended, that while imprisoned at the EBRPP defendant Judge Marabella set his bond at $100,000, which neither he or his family could afford to pay. The plaintiff further alleges that defendant Sgt. Brignac pushed the plaintiff down onto the floor, took his toilet tissue, soap, and toothpaste, and verbally harassed and humiliated the plaintiff. The plaintiff also alleges that defendant Nurse Cindy told "everyone" that she was going to stop administering the plaintiff's HIV medications. The plaintiff additionally alleges that upon his release from the EBRPP, he was not allowed to take his newly prescribed prescription medications for HIV with him, rather he was only allowed to take the medications he had with him upon arrival at the EBRPP. As to defendant Warden Grimes, the plaintiff alleges that he is "just the warden". As to defendant B. Stines, the plaintiff alleges that he is "not sure about" her.

The plaintiff's Complaint fails to state a claim under § 1983 against the defendants named in this Complaint.  Initially, the plaintiff's claim against Judge Marabella is clearly barred by the doctrine of absolute judicial immunity.  While such immunity is a question of law to be determined upon the facts of each case, it is clear that this immunity extends to claims arising from acts performed in the defendant's judicial role.  *Brewer v. Blackwell,* 692 F.2d 387, 396 (5th Cir. 1982).  The immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity.  *See, e.g., Mireles v. Waco,* 502 U.S. 9, 11–12 (1991); *Brewer v. Blackwell, supra,* 692 F.2d at 396.  *See also Ammons v. Baldwin,* 705 F.2d 1445, 1447 (5th Cir. 1983).  Moreover, this immunity applies however erroneous the act and however evil the motive.  *Johnson v. Kegans,* 870 F.2d 992, 995 (5th Cir. 1989).  Applying this test here, it is clear that the alleged acts of Judge Marabella in presiding over the plaintiff's criminal case, including setting the plaintiff's bond, are within the scope of the defendant's judicial authority.  Therefore, Judge Marabella is shielded from the plaintiff's claims by absolute judicial immunity and is entitled to dismissal herein.

Additionally, the Court finds that the plaintiff has failed to allege sufficient personal involvement on the part of defendants Warden Grimes and B. Stines.  In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of*

*Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that the plaintiff has failed to sufficiently allege that defendants Warden Grimes and B. Stines have undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights.  The plaintiff merely alleges that Warden Grimes is "just the warden" and that he is "not sure about" B. Stines. Accordingly, the plaintiff has failed to state a claim upon which relief may be granted as to these defendants.

The plaintiff's allegations also fail to state a claim of constitutional dimension. Regarding the plaintiff's claim against Sgt. Brignac for the removal of his toilet tissue, soap and toothpaste, pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available.  *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 542 (1981).  Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate.  *Marshall v. Norwood,* 741 F.2d 761, 764 (5th Cir. 1984).  In the instant case, the plaintiff has not alleged that state post-deprivation remedies are unavailable to

him or are inadequate. To the contrary, it is recognized that Louisiana law provides ample remedies under which the plaintiff could have proceeded against the defendants for recovery of his property or for reimbursement for its loss. *Marshall v. Norwood, supra,* 741 F.2d at 763. Accordingly, the plaintiff's claim relative to an alleged loss of property rights is without constitutional merit and should be dismissed.

The plaintiff's complaints that he was the object of verbal abuse, harassment, and threats by Sgt. Brignac and Nurse Cindy, without more, are also not actionable under § 1983. *See Orange v. Ellis,* 348 Fed. Appx. 69, 72 (5th Cir. 2009); and *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983).

The plaintiff also implies that he was the victim of excessive force when Sgt. Brignac shoved the plaintiff to the ground. Such claims arise under the Eighth Amendment's prohibition of cruel and unusual punishment. In this context, "[w]hen prison officials maliciously and sadistically use force to cause harm," the Eighth Amendment is violated "whether or not significant injury is evident." *Hudson v. McMillian,* 503 U.S. 1, 8 (1992). However, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9–10 (quoting *Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078 (1986)). A *de minimis* use of force, such as a slap or a shove, does not implicate constitutional concerns. *Id.; Bell v. Wolfish,* 441 U.S. 520 (1979); *Siglar v. Hightower,* 112 F.3d 191, 193–94 (5th Cir. 1997) (bruised ear lasting for three days after guard twisted inmate's ear and held his arm behind his back was *de minimis* and did not state a claim for excessive force); *Jackson v. Culbertson,* 984 F.2d 699, 700 (5th Cir. 1993)

(inmate who suffered no injury when sprayed with a fire extinguisher was exposed to a *de minimis* use of force and his claim was properly dismissed as frivolous). Clearly, the force described by plaintiff was a *de minimis* use of force which does not implicate the Eighth Amendment.

Turning to the plaintiff's claim that he was not allowed to take his newly prescribed HIV medications with him upon his release from the EBRPP, the Fifth Circuit, which, like the other circuits outside the Ninth Circuit, has never recognized a duty on the part of jail officials to provide prescription medications or other types of medical care after an inmate's release. *See Ford v. Gusman,* No. 11–CV–2950, 2012 WL 2567063 (E.D. La. May 11, 2012), *adopted,* 2012 WL 2567034 (E.D. La. July 2, 2012).

Regarding any claims the plaintiff may be asserting against the EBRPP, section 1983 only imposes liability on any "person" who violates another's constitutional rights under color of law. Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity to sue or be sued must be determined by the law of the state in which the district court is held. It is also well settled under Louisiana law that a sheriff's department or office or a "parish prison" is not a separate legal entity capable of being sued. *Valentine v. Bonneville Ins. Co.,* 691 So.2d 665 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the

instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[1] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on April 15, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."